

**ORDERED in the Southern District of Florida on April 2, 2019.**

     Robert A. Mark, Judge
     United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

IN RE:

**MARIE CARMEL EVEILLARD**          **CASE NO.: 18-21635-RAM**
*aka* **MARIE C. EVEILLARD**              **CHAPTER: 13**

     **DEBTOR(S).**
_____/

### ORDER GRANTING *IN REM* RELIEF FROM AUTOMATIC STAY AND FOR TWO-YEARS PROSPECTIVE RELIEF PURSUANT TO 11 U.S.C. 362(d)(4)(B)

**THIS CAUSE** came before the Court upon the *Emergency Motion to Extend Automatic Stay* (the "Motion") [**DE#9**] filed by Marie Carmel Eveillard (the "Debtor") on October 16, 2018 at 9:00 AM. Accordingly it is:

**ORDERED:**

1. On October 23, 2018, Wells Fargo Bank, N.A. ("Creditor") and Debtor entered into an Agreed Order Granting Emergency Motion to Extend the Automatic Stay. [**DE#21**]

2. Debtor and Creditor participated in Mortgage Modification Mediation ("MMM"). On March 7, 2019, the final report was filed. [**DE#47**] Per the Final Report, the parties did not reach an agreement.

3. Pursuant to the Agreed Order entered on October 23, 2018, should the present Chapter 13 Bankruptcy Case be dismissed for any reason; or, if the Mortgage Modification Mediation proves unsuccessful by the filing a No Agreement Final Report; Creditor, shall be entitled to prospective relief from the automatic stay for a two year period, pursuant to Section 362(d)(4)(B) of the Code.

4. Based on the foregoing; the automatic stay imposed by 11 U.S.C. § 362 is lifted with respect to the real property known as:

    **LOT 4, BLOCK 17, OVERBROOK SHORES NO. 3, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 50, AT PAGE 59, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

    **AKA: 260 NW 133rd Street North Miami, Florida 33168 (the "Subject Property")**

5. Secured Creditor shall have *in rem* relief as to the above-referenced property for a period of two **(2) years** and may record this Order in public records. This Order shall be binding in any other case, filed by this Debtor or any other Debtor, under this title purporting to affect the "Subject Property."

6. There shall be a bar period for two (2) years under 11 U.S.C. § 362 (d)(4)(B) as the debtor has had multiple bankruptcies as "part of a scheme to delay, hinder, or defraud" the Secured Creditor.  The judicial sale of the above-referenced property shall not be cancelled as a results of any bankruptcy filing purporting to terminate or otherwise cancel the sale as to the Subject Property for two (2) years from the entry of this Order.

7. The order granting relief from stay is entered for the sole purpose of allowing the Secured Creditor complete *in rem* relief to take any and all steps necessary to exercise any and all rights it may have in the collateral, to gain possession of said collateral, to have such other and further *in rem* relief as is just, and that Secured Creditor shall not obtain *in personam* relief against the debtor.

8. This Order is entered for the sole purpose of allowing the Secured Creditor, its successors and/or assigns, to commence and/or continue through judgment, sale, certificate of title and possession, a foreclosure against the property described above.

9. All future payments from the Movant shall be redirected to other creditors under the plan.

10. The stay imposed by Fed. R. Bankr. P. 4001(a)(3) is waived.

###

*Attorney, Jeffrey S. Fraser, Esq. shall serve a copy of the signed order on all required parties and file a certificate of service as required under Local Rule 2002-1(F).*

**Submitted by:**
Jeffrey S. Fraser, Esq.
Albertelli Law
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Telephone: (813) 221-4743 ext. 1611
Facsimile: (813) 221-9171
bkfl@albertellilaw.com

3